FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JAN 2 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KAYSON PEARSON,

        Petitioner,

    -against-

DAVID ROCK, Superintendent, Upstate
Correctional Facility,

        Respondent.
------------------------------------------------------------X

**ORDER**

**12-CV-3505 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Petitioner Kayson Pearson filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 2, 2012, challenging his state court convictions for first degree murder, first degree kidnapping, first degree rape, and first degree sodomy, by claiming ineffective assistance of trial counsel and violation of the Double Jeopardy Clause (the "Petition"). (See Pet. (Dkt. 1).) Respondent opposed the Petition. (Resp. Opp'n to Pet. (Dkts. 12-13).) On December 14, 2012, Petitioner filed a motion to amend the Petition to add a claim of ineffective assistance of appellate counsel. (Pet. Mot. to Amend (Dkt. 14).) Respondent submitted a letter response on January 14, 2013. (Jan. 14, 2013, Resp. Ltr. (Dkt. 16).) In its letter, Respondent: (1) stated that it does not oppose Petitioner's motion to amend; (2) advised the court that Petitioner's claim of ineffective assistance of appellate counsel, raised in a writ of error coram nobis, was denied by the New York State Supreme Court Appellate Division, Second Department, on November 28, 2012, and that Petitioner has sought leave to appeal the denial to the Court of Appeals; and (3) stated that it would consent to holding the Petition in abeyance until there is a final state court disposition on Petitioner's ineffective assistance of appellate counsel claim. (Id.)

1

The ineffective assistance of appellate counsel claim Petitioner seeks to add to his Petition is not exhausted. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies." (citing 28 U.S.C. § 2254(b)(1))). Thus, amending his Petition to add the claim would make it a "mixed petition" containing both exhausted and unexhausted claims. Rhines v. Weber, 544 U.S. 269, 273-74 (2005). A court can, if certain requirements are met, stay a mixed petition in order for the petitioner to exhaust the unexhausted claims. Id. at 277-78.

Rather than granting Petitioner's motion to amend and requiring Petitioner to make a further submission explaining why his mixed petition should be stayed, the court will deny the motion without prejudice and allow Petitioner to make a renewed motion to amend once the ineffective assistance of appellate counsel claim has been exhausted. When Petitioner receives notice of a final state court disposition of his ineffective assistance of appellate counsel claim, either by denial of leave to appeal or a decision from the Court of Appeals, he is directed to inform the court via letter of the outcome of his claim. Petitioner must notify the court within thirty days of receiving such notice. At such time, Petitioner may renew his motion to amend.

Accordingly, Petitioner's motion to amend is DENIED WITHOUT PREJUDICE. The Clerk of the Court is directed to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: Brooklyn, New York
January 17, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge